UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DENVER WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 15-69-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WAL-MART STORES INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

How should one attach a toilet seat to a toilet bowl? Is a plastic bolt sufficient to do the job? Or is a metal bolt the way to go? How should the bolt be designed? These are the questions raised by this case. If you found them difficult to answer, you are not alone. An ordinary person does not know the answers to these questions. Instead, specialized, expert knowledge is required to answer them correctly. Here, the plaintiff provided no such expert. And without such an expert, the jury would be forced to guess and speculate as to the answers. Such guesswork is impermissible under Kentucky law. For this reason, the defendant is entitled to summary judgment.

## BACKGROUND

Denver Wells claims that he was injured when a defective toilet seat he purchased at Wal-Mart Stores, Inc. ("Wal-Mart") broke. *See* R. 1-1 at ¶¶ 7, 14. Wells alleges that Wal-Mart designed and manufactured the defective toilet seat, and that it failed to adequately warn him of the risk associated with using it. *Id.* at ¶¶ 8, 21. Wal-Mart now moves for summary judgment, arguing that there is no genuine issue of material fact in this case because Wells failed to disclose an expert

witness by the required deadline.[1]  R. 18 at 1–2.  Without such an expert witness, Wal-Mart argues, Wells cannot prove that the toilet seat was defective or that the defect caused his injury.  *Id.* at 3.

## DISCUSSION

Kentucky law, which governs this case, recognizes three theories of product liability: defective design, defective manufacture, and failure to warn.  KRS § 411.300–.350; *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247 (Ky. 1995), *overruled on other grounds by Martin v. Ohio Cty. Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009).  All of these theories of recovery require the plaintiff to prove the presence of a defect in the product.  *Prather v. Abbott Labs*., 960 F. Supp. 2d 700, 706 (W.D. Ky. 2013).  And if Wells cannot prove an essential element of his case—here the presence of a defect—at trial, Wal-Mart is entitled to summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Expert witnesses are "generally necessary" in a Kentucky products liability case to prove the presence of a defect.  *Honaker v. Innova, Inc.*, No. CIV.A. 1:04-CV-132-M, 2007 WL 1217744, at *2 (W.D. Ky. Apr. 23, 2007) (quoting William S. Hanes, Kentucky Jurisprudence: Torts § 21–28 (1987)); *See Stevens v. Keller Ladders*, 1 F. App'x 452, 458 (6th Cir. 2001) (stating that an expert witness is "probably necessary" to show defective design) (quoting 4A American Law of Products Liability 3d § 54:81, at 54–194 (Supp. 1999)); *Honaker v. Innova, Inc.*, No. CIV.A. 1:04-CV-132-M, 2007 WL 1217744, at *2 (W.D. Ky. Apr. 23, 2007).  This is because evidence that induces mere "surmise or speculation" is not sufficient to establish that a defect exists.  *Midwestern V. W. Corp. v. Ringley*, 503 S.W.2d 745, 747 (Ky. 1973).  Instead, Kentucky law requires a party to produce an expert witness when a subject is of the type which "requires

---

[1] Wal-mart also argues in its supplemental brief that Wells cannot meet his burden of proof because he has lost, destroyed, or spoiled evidence that is essential in this case.  R. 31 at 3.  The Court need not consider this argument because summary judgment is appropriate on other grounds.

scientific or specialized knowledge and which cannot be determined intelligently from testimony on the basis of ordinary knowledge gained in the ordinary affairs of life . . . ." *Com., Dept. of Highways v. Robbins*, 421 S.W.2d 820, 824 (Ky. 1967). As this Court has explained previously, a plaintiff must put forth expert testimony unless a defect is of the type that the jury can comprehend "as well as a specially trained expert could." *Burgett v. Troy-Bilt LLC*, 970 F. Supp. 2d 676, 681 (E.D. Ky. 2013), *aff'd*, 579 F. App'x 372 (6th Cir. 2014).

Thus, the question presented here is whether an ordinary person is familiar enough with the principles of toilet seat engineering to know whether a toilet seat is defective. The plaintiff alleges that the seat was defective because the toilet seat had "plastic bolts, instead of brass or another metal, to connect it to the toilet itself . . . ." R. 1-1 at ¶ 7. In his deposition, Wells also asserted that the structural design of the bolt was faulty, stating that "they went too deep when they made the Phillips head on it." R. 31-2 at 4. He went on to explain that, in his opinion, the deep Phillips head "weakened the bolt itself." *Id.* at 5.

Such matters are not within the realm of knowledge of the ordinary person. As Wells's own theory of the defect illustrates, understanding how and why the plastic bolt was defective requires extensive technical knowledge: a person must understand the components of the toilet seat, how these components were put together, and whether a plastic bolt was sufficiently strong to attach these components to one another. A person must also understand the engineering intricacies of bolts and screws, including how to design and/or manufacture them to maximize their structural integrity, and how deep the Phillips head of such a component should be. Courts applying Kentucky law have required expert testimony for far less technical matters than these. *See Yonts v. Easton Tech. Products, Inc.*, No. 3:11-CV-535-DJH, 2015 WL 3408937, at *5–6 (W.D. Ky. May 27, 2015) (requiring expert testimony when plaintiff alleged injury from an arrow

that broke while shooting a bow); *Honaker*, 2007 WL 1217744, at *2 (expert testimony needed where plaintiff alleged closing mechanism on pressure cooker caused it to explode); *see also Lapham v. Watts Regulator Co.,* No. 14-CV-02084-JAR, 2016 WL 248471, at *5 (D. Kan. Jan. 21, 2016) (expert witness's testimony admissible and helpful to the jury on the issue of a defective toilet connector).

Wells argues in passing that his experience as a carpenter for ten years qualifies him to testify as an expert about the defect in the toilet seat. R. 30 at 2. This experience, in Wells's view, mitigates the need for expert testimony because Wells himself can offer an expert opinion on this matter. Such an argument is unpersuasive for two reasons. First, Wells did not disclose himself as an expert witness by the expert witness disclosure deadline, nor does he now officially move to designate himself as such. *See* Fed. R. Civ. P. 26(a)(2) (requiring a party to disclose to other parties any expert witnesses); Fed. R. Civ. P. 37(c) (noting that a party may not use an undisclosed expert witness unless the failure to disclose was "substantially justified or is harmless."); *Roberts ex rel. Johnson v. Galen of Virginia, Inc*., 325 F.3d 776, 782 (6th Cir. 2003) (holding that the burden is on the non-compliant party to prove the Rule 26(a) violation was harmless). Second, even if Wells did bring such a motion, this motion would fail. In his deposition, Wells testified that he had never been involved in designing toilet seats, had no training as an engineer, and did not consider himself an expert on polymers, metals, or plastics. R. 31-2 at 6. In short, Wells has not demonstrated that he has specialized or technical knowledge that would qualify him to testify as an expert witness in this case. *See United States v. Nixon*, 694 F.3d 623, 627–28 (6th Cir. 2012) (explaining that opinion testimony based on scientific, technical or other specialized knowledge is properly given by a qualified expert, and a party may not use an "expert in lay witness clothing"

4

to evade the need for a qualified expert) (quoting *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007)).

Without expert testimony, Wells would merely be asking the jury to "speculat[e], suppos[e], or surmise" that there was a defect in the toilet seat. *Greene v. B.F. Goodrich Avionics Sys., Inc.*, 409 F.3d 784, 793 (6th Cir. 2005). Such guesswork is impermissible under Kentucky law. *Id.*; *See Ringley*, 503 S.W.2d at 747. Thus, because Wells failed to disclose an expert to testify about the toilet seat defect, and such an expert is necessary for Wells to establish an essential element of his case, Wal-Mart's motion for summary judgment must be granted.

Accordingly, it is **ORDERED** that:

(1)     Wal-Mart's motion for summary judgment, R. 18, is **GRANTED**.

(2)     Wells's complaint is **DISMISSED WITH PREJUDICE** with respect to all issues raised in this proceeding.

(3)     This action is **STRICKEN** from the Court's active docket.

(4)     All pending motions are **DENIED AS MOOT** and all hearings are **CANCELLED**.

(5)     A separate judgment shall issue with this Order.

This the 13th day of April, 2016.



**Signed By:**

*Amul R. Thapar*

**United States District Judge**